IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| **Plaintiff,** | : |
| v. | : CASE NO: 7:23-CR-045 (WLS) |
| JUDITH ALANE CHAVIS, | : |
| **Defendant.** | : |
| _____ | : |

**ORDER**

During a pretrial conference held January 10, 2024, and by motion (Doc. 34), Defendant requested a continuance of six months so she could raise the funds necessary to fully satisfy restitution she would be required to pay prior to entering into a plea agreement with the hope that the Government would then recommend a sentence of home confinement. (*See* Doc. 34 ¶ 2) By Order (Doc. 35) entered January 17, 2024, the trial of this matter was continued to the next Valdosta Division trial term of August 2024.

Presently before the Court is Defendant's Motion to Continue (Doc. 37) ("Motion") requesting the trial of this matter be continued for an additional two months. The reasons provided for the additional continuance is that Defendant's income stream has been affected by a recent relocation of her business, and she is in the process of applying for a loan in the amount of restitution. (*Id.* ¶ 4) Defendant requests the additional continuance to complete the loan application process in order to borrow the funds necessary to settle the restitution in full prior to entering into a plea agreement.[1] The Court previously cautioned the Defendant that while the Court may consider the Government's recommendation in sentencing, the Court is

---

[1] Defendant also states that: "A plea agreement has already been entered into and has been signed by Ms. Chavez [Chavis]. The Plea Agreement is in the possession of AUSA Hannah Couch Hostetler." (Doc. 37 ¶ 6) The Court presumes that Defendant means she wishes to obtain the restitution funds prior to formally entering a change of plea on the Court's docket after a change of plea hearing.

1

not bound by such recommendation. And again, both Government and Defense Counsel are responsible for ensuring that Defendant is cognizant of this fact. (Doc. 33 at 1 n.1)).

Based on the Defendant's stated reasons, the Court finds that the ends of justice served by granting a continuance to allow Defendant to pay restitution in full outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B). Therefore, the Motion (Doc. 34) is **GRANTED**. However, no further continuances will be granted on the grounds asserted.

The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division **November 2024 trial term** and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, is **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).[2]

**SO ORDERED**, this 17th day of May 2024.

/s/   W. Louis Sands
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

---

[2] Defendant reiterates that she waived her right to a speedy trial in her January 16, 2024 Motion to Continue (Doc. 34). However, as previously noted, "a defendant may not prospectively waive the application of the [Speedy Trial] Act. *Zedner v. United States*, 547 U.S. 489, 503 (2006)[,]" and "Defendant's waiver of her right to a speedy trial is applicable only to the continuance granted [in the order granting such continuance]." (Doc. 35 at 1 n.1)

2